# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN DUPREE GILMORE,
    Plaintiff,

V.S.

PENNSYLVANIA BOARD OF PAROLE AND PROBATION
DR. LAUREL R. HARRY
SUPERINTENDENT SCOTT KLINEFELTER
SUSAN HNATKOVICH
L. MARKEL (RECORDS SPECIALIST)
C. WALSTROM (RECORD SUPERVISOR)
H. BEARDSLEY (PAROLE AGENT)
L. PALTON (RECORDS SPECIALIST)
ELLIOT L. SMEAL (PAROLE MANAGER)
ADINA WILLIAMS-JONES (HEARING EXAMINER)
JENNIFER MCCONNELL (PAROLE AGENT)
DEBORAH L. CARPENTER (BOARD OF SECRETARY)
    Defendant(s),

CIVIL ACTION NO.
3:23-cv-167

HONORABLE JUDGE: _____

JURY TRIAL DEMANDED
YES ☑  NO ☐

RECEIVED
JUL 27 2023
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## ORIGINAL COMPLAINT.

### I. JURISDICTION & VENUE.

1.) This is a civil action authorized by 42 U.S.C. §1983, 1985, and 1986 to redress the deprivation under the color of state Law of rights secured by the United states Constitution, and Acts of Congress. This Court has Jurisdiction under 28 U.S.C. §1331 and 1343 [a], [3], [4]. Plaintiff Mr. Gilmore, is claiming the right to be free from cruel and unusual Punishment under The 8th Amendment, and a state law Tort of False

(1)

Imprisonment, as well as a Negligent Failure To Train, Supervise, and Discipline.

2.) This court has supplemental Jurisdiction to hear and adjudicate Plaintiff's state law claims under 28 U.S.C. § 1367 (a).

3.) The WESTERN DISTRICT OF PENNSYLVANIA is the appropriate Venue pursuant to 28 U.S.C. § 1391 (b), because the events and omissions giving rise to this action occurred within The State Correctional Institution at Houtzdale (SCI-HOUTZDALE). Located at 209 Institution Drive, Houtzdale, Pennsylvania 16698-1000. Within The Western District of Pennsylvania.

## II. PARTIES.

4.) Plaintiff, <u>Justin Dupree Gilmore</u>, (hereinafter "Mr. Gilmore") was confined at SCI-Houtzdale during the events described herein occurred, Mr. Gilmore at the time of this filing is still currently housed at The State Correctional Institution at Houtzdale (SCI-Houtzdale), under the care, custody, and control of The Pennsylvania Department of Corrections, "<u>UNLAWFULLY</u>", which is Located in Houtzdale, PA 16698-1000.

5.) Defendant, <u>Pennsylvania Board of Parole and Probation</u>, is a "Government Entity" employed by The Pennsylvania Department of Corrections, responsible for ALL Inmates at SCI-Houtzdale, for Ensuring All Inmates including Mr. Gilmores, Minimum, and Maximum Date is CORRECT, Defendant Pennsylvania Board of Parole and Probation was and is at all times relevant hereto acting under color of State Law, and is being sued in their (OFFICIAL CAPACITY).

6.) Defendant, <u>Dr. Laurel R. Harry</u>, is a Secretary of Corrections employed by The Pennsylvania Department of Corrections, who's responsible for Ensuring All policies, rules, regulations, and customs are being abided by

(2)

she at all times relevant hereto was, and is acting under color of State Law, she's being sued in her (OFFICIAL CAPACITY).

7.) Defendant, <u>Scott Klinefelter</u>, is a Corrections Superintendent 3 Employed by The Pennsylvania Department of Corrections at SCI-Houtzdale, who's responsible for The Care, custody, and control, as well as The Welfare of ALL Inmates here, including Mr. Gilmore, he at all times relevant hereto, was, and is acting under color of State Law, he's being sued in his (OFFICIAL/ INDIVIDUAL CAPACITY).

8.) Defendant, <u>Susan Hnatkovich</u>, is a Administrative officer 1/ Grievance officer at SCI-Houtzdale employed by The Pennsylvania Department of Corrections, who's responsible for Reviewing/ and Approving of Inmates Grievances, and Assigning The Appropriate Investigating Grievance officer, she at all times relevant hereto was acting under color of State Law, she's being sued in her (OFFICIAL / INDIVIDUAL CAPACITY).

9.) Defendant, <u>L. MARKEL</u>, is a Record Specialist at (SCI-Houtzdale) employed by The Pennsylvania Department of Corrections, who's responsible for ensuring ALL INMATES including Mr. Gilmore's sentencing computation is entered into The Computer Correctly, he was at all times acting under color of state law, and is being sued in his (Individual capacity).

10.) Defendant, <u>C. WALSTROM</u>, is a Records Supervisor at (SCI-Houtzdale) employed by The Pennsylvania Department of Corrections, who's responsible for Training, Supervising, and Disciplining staff for Incorrect or Illegal Sentencing Computations beyond any Inmate Maximum dates, Defendant C. Walstrom was at all times acting under color of State Law, and is being sued in his (INDIVIDUAL / OFFICIAL CAPACITY).

(3)

11.) Defendant, H. Beardsley, is a Parole Agent at SCI-Houtzdale, employed by The Pennsylvania Department of Corrections, who's responsible for Ensuring ALL INMATES on his/her Docket or Caseload recieve any court order Time credit, including Mr. Gilmore, he/she at all times relevant hereto was acting under color of state Law, he/she is being sued in their (OFFICIAL / INDIVIDUAL CAPACITY).

12.) Defendant, L. PALTON, is a Records Specialist at SCI-Houtzdale, employed by The Pennsylvania Department of Corrections, who's responsible for Ensuring ALL INMATES including Mr. Gilmore recieves all Time credit by Court order, he/shee was at all relevant times acting under color of state Law, he/she is being sued in their (OFFICIAL / INDIVIDUAL CAPACITY).

13.) Defendant, Elliot L. Smeal, is a Parole Manager 1 employed by The Pennsylvania Department of Corrections, who's responsible for hearing, and adjudicating ALL INMATES PAROLE APPEALS including Mr. Gilmore, he at all times relevant hereto was acting under color of state Law, he's being sued in his (OFFICIAL / INDIVIDUAL CAPACITY).

14.) Defendant, ADINA-WILLIAMS-JONES, is a Parole Hearing Examiner employed by The Pennsylvania Board of Parole and Probation, who's responsible for Hearing and Adjudicating ALL INMATES PAROLE REVOCATION HEARING, including Mr. Gilmore, she at all times relevant hereto was acting under color of state Law, she's being sued in her (INDIVIDUAL / OFFICIAL CAPACITY).

15.) Defendant, Jennifer McConnell, is a Parole Agent employed by The Pennsylvania Department of Corrections at SCI-Houtzdale, who's responsible for ensuring ALL Inmates on her caseload recieve any Court order Time

(4)

Credit including Mr. Gilmore, she at all times relevant hereto was acting under color of state Law, she's being sued in her (INDIVIDUAL / OFFICIAL CAPACITY).

16.) Defendant, <u>Deborah L. Carpenter</u>, is a Board of secretary employed by The Pennsylvania Department of Corrections, who's responsible for Ensuring ALL INMATES Maximum Dates are Correct, including Mr. Gilmore, she at all times relevant hereto was acting under color of state Law, she's being sued in her (~~INDIVIDUAL~~ INDIVIDUAL / OFFICIAL CAPACITY).

## III. Facts.

17.) On <u>September 29, 2011</u> plaintiff was sentenced to a 3½ years minimum to 10 years maximum before Judge Shad Connelly.

18.) For an Aggravated Assault with a Deadly weapon, subsequently Plaintiff made Parole, then subsequently caught New charges while on Parole, however, Plaintiff Max Date was July 2022.

19.) Plaintiff, was sentenced on those New charges to a "<u>CONCURRENT SENTENCE</u>" of 10 Months Minimum to 23 Months 15 days Maximum at ERIE COUNTY PRISON, furthermore, the sentencing order states, "Confinement is Concurrent with unknown - Any other sentence currently serving." with 483 days Credit.

20.) Therefore, making my Maximum Date <u>July 19, 2022</u>, as I have tried resolving these Error(s) via Request Slips to Inmate Records, by filing Administrative Parole Appeals, Request Slips to Parole Agents, wrote Request Slips to Inmate Records, I've written Grievances, and Appealed those denied Grievances.

21.) More specifically, My Request Slips to Inmate Records who signed them, were <u>L. Markel, H. BEARDSLEY, L. PALTON</u>, who all were put on

(5)

Notice with "PERSONAL KNOWLEDGE" of me being "Illegally/UN-LAWFULLY" Detained beyond my Maximum 366 Days beyond My Maximum. But continues to "ACQUIESE" in the aforesaid misconduct.

22.) Furthermore, before filing a grievance I filed an Administrative Appeal to Elliot L. Smeal (Parole Manager 1) to which his response was against The Pennsylvania Laws and United States Constitution, denying My Real Max Date of July 19, 2022, having "PERSONAL KNOWLEDGE" and "ACQUIESEING" in the misconduct incident.

23.) I then wrote to Deborah L. Carpenter, who's the Board of Secretary, and notified her of this "Illegal/UNLAWFUL" Detainment, to which she responded by giving me a "Parole Action" notifying me of my New UNLAWFUL DETAINMENT MAX DATE.

24.) I then put in a Grievance of This UNLAWFUL DETAINMENT/FALSE IMPRISONMENT on July 8, 2023, to which Susan Hnatkovich Rejected as untimely, thereby giving Susan Hnatkovich "Personal Knowledge" of the aforesaid misconduct incident.

25.) I then appealed to Superintendent Klinefelter letting him Know, my grievance isn't "UNTIMELY", due to the violation(s)/of U.S. Constitution being violated to the date of filing this grievance.

26.) Also Mr. Klinefelter was given "PERSONAL KNOWLEDGE" of this "FALSE IMPRISONMENT" and "UNLAWFUL DETAINMENT", but he still failed to stop it instead he "ACQUIESED" in the aforesaid misconduct incident. And continues to UNLAWFULLY DETAIN/FALSELY IMPRISON ME!

27.) By denying my Facility Manager Appeal, and Upholding The Grievance Officer Susan Hnatkovich's Rejection of My Grievance.

28.) Plaintiff furthermore, wrote to Dr. Laurel R. Harry, about this "UNLAWFULLY DETAINMENT/FALSE IMPRISONMENT", giving her "PERSONAL

(6)

KNOWLEDGE" of the aforesaid misconduct incident, but she's "ACQUIESCING" in the aforesaid misconduct incident of UNLAWFUL DETAINMENT / FALSE IMPRISONMENT by concurring with Prison officials, instead of correcting the aforesaid misconduct incident.

29.) Defendant Elliot L. Smeal was given "Personal Knowledge" through the Administrative Parole Appeal Process, but he still denied my Appeal, and disregarded a state Judges Sentencing order, as well as disregarding Plaintiff's Federally and state Protected Rights. By "ACQUIESCING" in the aforesaid misconduct incidents.

30.) Defendants, Jennifer McConnell, and Hearing Examiner ADINA WILLIAMS-JONES acknowledged on the record at my Parole Revocation Hearing on MAY 25, 2021 Judge David Ridges Sentencing order, of Confinement is concurrent with Unknown- Any other Sentence currently serving with 483 Days credit.

31.) However Despite All of The aforesaid Defendants Mentioned herewith having "PERSONAL KNOWLEDGE" of JUDGE DAVID RIDGES "SENTENCING ORDER", all of The aforesaid Defendants "ACQUIESED" in the aforesaid Misconduct Incidents by "UNLAWFULLY DETAINING / FALSELY IMPRISONING" Plaintiff.

32.) Therefore, warranting all Defendants to have violated / violating Plaintiff's 8th Amendment, and (2) state Torts, (1) of False Imprisonment, (1) Negligent Failure To Train, Supervise, and Discipline.

33.) Defendants, Pennsylvania Board of Parole and Probation, Dr. Laurel R. Harry, Scott Klinefelter, Susan Hnatkovich, L. Markel, C. Walstrom, H. Beardsley, L. Patton, Elliot L. Smeal, Adina Williams- Jones, Jennifer McConnell, Deborah L. Carpenter ALL Have "PERSONAL KNOWLEDGE"

(7)

of Plaintiff being "<u>Unlawfully Detained</u>" beyond his Maximum Date of <u>July 19, 2022</u>, as well as "<u>Falsely Imprisoned</u>" to the date of this filing the aforesaid Defendant(s) continues, to "<u>ACQUIESE</u>" in the aforesaid Misconduct Incident(s).

34.) Plaintiff has Exhausted All Administrative Remedies, the 366 days of "<u>UNLAWFUL DETAINMENT</u>" and "<u>FALSE IMPRISONMENT</u>" beyond my Maximum of <u>July 19, 2022</u> has caused me severe emotional distress, PTSD, mental Anguish and Intentional Infliction of Emotional Distress.

35.) In conclusion, (2) Sgt.'s were recently stabbed on my unit FA-unit sometime in June 2023, and this has caused me severe shock / PTSD.

CLAIMS FOR RELIEF.

COUNT 1: 8th Amendment (cruel and unusual punishment/Deliberate Indifference)

36.) Defendants, <u>Pennsylvania Board of Parole and Probation, Dr. Laurel R. Harry, Scott Klinefelter, Susan Hnatkovich, L. Markel, C. Walstrom, H. Beardsley, L. Palton, Elliot L. Smeal, Adina Williams-Jones, Jennifer McConnell, Deborah L. Carpenter,</u> all had "<u>Personal Knowledge</u>" of Judge David Ridges sentencing order dated <u>March 11, 2021</u> which was a "<u>CONCURRENT</u>" sentence as to any other sentence serving with 483 days Time Credit, despite this "<u>Personal Knowledge</u>" the aforesaid Defendants continued to Miscaculate my Maximum date and "<u>UNLAWFULLY</u>" Detain Plaintiff beyond his Minimum, which constitutes (Deliberate Indifference) in violation of Plaintiff's 8th Amendment Protected by The United States Constitution, and secured by Acts of Congress.

37.) Plaintiff re-alleges and incorporates paragraphs 1-36 herein by reference.

### COUNT 2: FALSE IMPRISONMENT

38.) Defendants, Pennsylvania Board of Parole, and Probation Dr. Laurel R. Harry, Scott Klinefelter, Susan Hnatkovich, L. Markel, C. Walstrom, H. Beardsley, L. Palton, Elliot L. Smeal, Adina-Williams-Jones, Jennifer McConnell, Deborah L. Carpenter, despite The "PERSONAL KNOWLEDGE" of Judge David Ridge Sentencing order with concurrent to any other sentence, and 483 days Time Credit continues to "FALSELY IMPRISON" Plaintiff beyond his original Maximum date of July 19, 2022 in violation under The Laws of The commonwealth of Pennsylvania, and this court has supplemental jurisdiction to hear and adjudicate these claims.

39.) Plaintiff re-alleges and incorporates by reference paragraphs 1-38.

### COUNT 3: NEGLIGENT FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE

40.) Defendants, Dr. Laurel R. Harry, Scott Klinefelter, Susan Hnatkovich, C. Walstrom, Elliot L. Smeal, Deborah L. Carpenter, failure to control the Negligent conducts and actions of subordinate officials, to correct the sentencing of Plaintiff constitutes Negligent Failure To Train, supervise, and Discipline it's "SUBORDINATE OFFICIALS".

41.) Plaintiff re-alleges and incorporates herein by reference paragraphs 1-40.

### REQUESTED RELIEF.

WHEREFORE, the plaintiff requests this court to Grant him The Following Relief:

a.) INJUNCTIVE RELIEF: TO BE IMMEDIATELY RELEASED upon my MAXIMUM DATE when given Notification of this Lawsuit;

b.) Declaratory Relief: That Defendants were wrong, and their actions and conducts were Negligent, and Wrongful;

(9)

<mark>

c.) Compensatory Damages As to All Defendants : $500,000.00 (JOINTLLY AND SEVERALLY);

d.) PUNITIVE DAMAGES As to the Individual Defendants $250,000.00 ;

e.) Reasonable Attorney's fee's and costs as to All defendants;

f) Such other declaratory and Further Relief as appears reasonable and just ; and

g) A Jury Trial as to each defendant and as to each count.

RESPECTFULLY SUBMITTED,

/s/ Justin Gilmore          (PRO-SE)

MR. JUSTIN D. GILMORE # KN-8731

SCI-Houtzdale

P.O.Box : 1000

209 Institution Drive

Houtzdale, PA 16698-1000

DATE: July 24, 2023 (MONDAY)