IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN DUPREE GILMORE, | ) | |
| | ) | CIVIL ACTION NO. 3:23-cv-167 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| PENNSYLVANIA BOARD OF PAROLE AND PROBATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before Magistrate Judge Kezia O.L. Taylor[1] ("Judge Taylor") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

Pro se Plaintiff Justin Dupree Gilmore's ("Mr. Gilmore") Complaint was docketed on August 2, 2023. (ECF No. 6).[2] There, Mr. Gilmore asserts a variety of claims under 42 U.S.C. § 1983, including claims for false imprisonment and cruel and unusual punishment. (*Id.*). He brings his claims against twelve Defendants, including the Pennsylvania Board of Parole and Probation, several of its employees, and employees of the facility at which he is incarcerated. (*Id.*). Throughout his Complaint, Mr. Gilmore focuses primarily on the recalculation of his maximum sentence by a state court to argue that his detention is illegal. (*Id.*).

---

[1] As the docket reflects, this matter was initially referred to Magistrate Judge Maureen P. Kelly, who later recused herself. From July 2023 to November 2023, this matter was referred to Magistrate Judge Lisa Pupo Lenihan, after which time the matter was referred to Magistrate Judge Richard A. Lanzillo. On January 3, 2024, the matter was reassigned to Judge Taylor.

[2] Mr. Gilmore lodged a Complaint without a Motion to Proceed in forma pauperis or payment of the filing fee on July 27, 2023. (ECF No. 1). He filed a Motion for Leave to Proceed in forma pauperis the next day, (ECF No. 2), which the Court subsequently granted, (ECF No. 5), after which his Complaint was filed, (ECF No. 6).

One set of Defendants moved to dismiss Mr. Gilmore's Complaint for failure to state a claim upon which relief can be granted on October 18, 2023. (ECF Nos. 16, 17). The remaining Defendants followed suit, filing their own Motion to Dismiss on December 6, 2023. (ECF Nos. 22, 23). The Court entered an Order directing Mr. Gilmore to respond to the first Motion to Dismiss by November 24, 2023. (ECF No. 19). But, as the docket reflects, that deadline came and went without a response from Mr. Gilmore.

The day after the second Motion to Dismiss was filed, the Court entered another Order directing Mr. Gilmore to respond by January 5, 2024. (ECF No. 24). That Order also mandated that "by January 5, 2024, [Mr. Gilmore] is to show cause why this case should not be dismissed for his failure to prosecute insofar as he has failed to comply with this Court's Order … that directed [him] to file his brief in opposition to the [first] Motion to Dismiss[.]" (*Id.*). The Court also noted that Mr. Gilmore "does not appear in the [Department of Corrections'] online inmate locator[,] leading this Court to believe that he has since been released from custody and did not file an updated address with the Court." (*Id.*). "If this is the case," the Court explained, then it "has no way to contact" Mr. Gilmore. (*Id.*).

In closing, the Order stated: "If [Mr. Gilmore] does not update his address by January 5, 2024, or file anything with the Court indicating that he is still pursuing this case, then the Court will assume that [Mr. Gilmore] has abandoned this action and may consider dismissal of it without further notice to him." (*Id.*). A copy of the Order was mailed to Mr. Gilmore's address of record.

To date, Mr. Gilmore has filed nothing in response to any of the aforementioned Orders.

On January 22, 2024, Judge Taylor filed a Report and Recommendation recommending that this case be dismissed for failure to prosecute and for failure to comply with Court Orders. (ECF No. 27). Judge Taylor rested her conclusion on Federal Rule of Civil Procedure 41(b), which provides district courts with the authority to dismiss an action sua sponte if "the plaintiff fails to prosecute or to comply with … a court order[.]"

In so doing, Judge Taylor weighed the six factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Those factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis removed).

Because Mr. Gilmore, as a pro se litigant, bears the responsibility of moving this matter forward, Judge Taylor found that the first factor favored dismissal. (ECF No. 27 at 5); *see also Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008). Judge Taylor concluded that the second factor likewise favored dismissal because, *inter alia*, the "memory of witnesses will most surely fade with the passage of time[,]" and "Defendants cannot defend claims that are not being pursued by" Mr. Gilmore. (ECF No. 27 at 5–6).

Turning to the third factor, Judge Taylor explained that "other than filing his Motion to Proceed *in Forma Pauperis* on July 28, 2023, [Mr. Gilmore] has done nothing to pursue this civil action." (*Id.* at 6). The Court adds that this fact remains true as of the date of this Memorandum Order. Because Mr. Gilmore's failure to request any extension of time in which to respond to

Defendants' pending Motions indicate "that he has abandoned this civil action[,]" Judge Taylor found that the third factor weighed in favor of dismissal. (*Id.*).

In assessing the fourth factor—Mr. Gilmore's willfulness or bad faith—Judge Taylor noted that the Court "took it upon itself to locate [Mr. Gilmore] because [he] failed to fulfill his responsibility to notify the Court of his change of address."[3] (*Id.* at 7). This factor weighed in favor of dismissal, Judge Taylor concluded, because Mr. Gilmore "has willfully disobeyed Court orders" by failing "to take any action despite this Court's ordering him to move the case forward." (*Id.*).

Shifting her attention to the fifth factor, Judge Taylor found that "in the absence of any action taken by [Mr. Gilmore], no alternative sanctions could remedy or mitigate the prejudice caused by [his] failure to take any steps to move this case forward." (*Id.* at 8). Thus, Judge Taylor concluded, the fifth *Poulis* factor also favored dismissal. (*Id.*).

At the sixth and final factor, Judge Taylor found that Mr. Gilmore "cannot prevail on his claims" because the § 1983 "claims concerning his incarceration beyond his maximum sentence date are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994)." (*Id.* at 9). A ruling in Mr. Gilmore's favor, Judge Taylor explained, "would necessarily imply the invalidity of the duration of his confinement." (*Id.*) (citing *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (stating that

---

[3] On this score, the Court notes that an August 30, 2023, Order informed Mr. Gilmore that he "is under a continuing obligation to notify the Court of any change of his[] address by filing a separate document entitled 'Notice of Change of Address.'" (ECF No. 11 at 5). That Order also explained that "[f]ailure to do so may result in dismissal of this case[.]" (*Id.*).

*Heck* bars § 1983 claims that "implicitly question the validity of a conviction or the duration of a sentence")).[4]

Because each of the six *Poulis* factors favored dismissal, Judge Taylor recommended that this matter be dismissed for failure to prosecute pursuant to Rule 41(b). (*Id.* at 10). As the docket reflects, Mr. Gilmore was afforded seventeen days by which to object to Judge Taylor's Report and Recommendation. To date, however, he has not objected.

"If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its rights to de novo review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). But even absent objections, the Court must "afford some level of review to dispositive legal issues raised by the report." *Id.* The Third Circuit has described this level of review as "reasoned consideration." *Id.*

After reviewing the record and Judge Taylor's Report and Recommendation under this reasoned consideration standard, the Court will adopt the Report and Recommendation for its recommended disposition and its reasoning that each of the *Poulis* factors weighs in favor of dismissal.

Accordingly, the following Order is entered:

---

[4] The Court recognizes, as Judge Taylor did, that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Close*, 540 U.S. at 751. Here, however, Mr. Gilmore makes no representation that he has achieved a favorable termination of the sort contemplated by *Close*.

AND NOW, to wit, this ___26th___ day of August, 2024, **IT IS HEREBY ORDERED** that Mr. Gilmore's Complaint, (ECF No. 6), is **DISMISSED WITH PREJUDICE** for the reasons stated in the Report and Recommendation at ECF No. 27 and those set forth above. The Clerk shall therefore mark this matter as closed and terminate all Defendants.

**IT IS FURTHER ORDERED** that the Report and Recommendation at ECF No. 27 is adopted for its conclusion that Mr. Gilmore's Complaint should be dismissed for failure to prosecute and its reasoning that each of the *Poulis* factors weigh in favor of dismissal.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Notice by U.S. Mail to:**

Justin Dupree Gilmore
KN 8731
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000